PRINCE v. NEW YORK CONSOL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

STREET RAILROADS ⬤⟝114—INJURY ON TRACK—BASIS OF ACTION—NEGLI-
GENCE.

Where there is no evidence that decedent was killed through defendant
street railroad's negligence, or as to how the accident happened, or that
defendant's employés had any knowledge that decedent was in a position
of danger, judgment for plaintiff is improper.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250;
Dec. Dig. ⬤⟝114.]

Laughlin and Smith, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Lucy F. Prince, as administratrix, against the New York
Consolidated Railroad Company, impleaded with others. Judgment
for plaintiff. From it, and an order denying its motion for new trial
defendant Railroad Company appeals. Judgment and order reversed,
and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and SMITH, JJ.

Thomas L. Hughes, of New York City, for appellant.
Sydney A. Syme, of Mt. Vernon, for respondent.

PER CURIAM. There is no evidence that the deceased came to
his death by reason of any negligence on the part of the defendant.
There is no credible evidence as to how the accident happened, or of
any fact which justified a finding that the defendant's motorman or
employé had any knowledge that the deceased was in a position of
danger.

The judgment and order appealed from must be reversed, with costs,
and the complaint dismissed, with costs. Order filed.

LAUGHLIN and SMITH, JJ., dissent.

⬤⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes